UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANGHEUI LIANG, LIJUN ZHANG, and WEN SUN,<br><br>Plaintiffs,<br><br>v.<br><br>MICKEY ANDERSON, et al.,<br><br>Defendants. | No. 2:21-cv-00557 JAM AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiffs have each filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and have submitted the affidavits required by that statute. See 28 U.S.C. § 1915(a)(1). The motions to proceed IFP (ECF Nos. 2, 3, and 4) will therefore be granted.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiffs must assist the court in determining whether or not the

1

complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

The putative complaint states that jurisdiction in this court is based on the presence of federal questions, pursuant to 28 U.S.C. § 1331.  ECF No. 1 at 3.  Plaintiffs name five federal statutes: four under Title 18 of the U.S. Code, which is the federal criminal code, and 26 U.S.C. § 6673(a)(1), a portion of the internal revenue code which allows a tax court judge to impose certain penalties against a taxpayer who takes an unsupportable position in litigation.  Id. at 10.  Plaintiffs allege that defendants filed frivolous lawsuits against them, and they would "like to impeach these two civil actions against my wife and me, and the false information and hoaxes against me."  Id. at 11.

## III.  ANALYSIS

The complaint does not contain any viable causes of action and must be dismissed for failure to state a claim.  Plaintiffs seek relief primarily for alleged violations of the criminal code.  A citizen does not have authority to bring criminal charges.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  The only remaining statute listed by plaintiffs is clearly inapplicable; on its face it refers to penalties tax court judges may impose in tax court.  Accordingly, the complaint fails to state a claim upon which relief can be granted.

Plaintiffs' complaint is fatally flawed because it does not present any civil cause of action.  No amendment can remedy this defect.  See Cohen v. U.S., 2008 WL 2051697 at * 14 (C.D. Cal. May 12, 2008) (noting that the deficiency of a civil action brought under a criminal statute "is not capable of being cured by amendment").  Though a pro se plaintiff is generally entitled to an

opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured. Noll, 809 F.2d at 1448.

## IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiffs' application to proceed in forma pauperis (ECF Nos. 2, 3, 4), are GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: April 1, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE